UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL RYMALOWICZ,<br><br>             Petitioner,<br><br>       v.<br><br>CONNIE GIPSON, Warden,<br><br>             Respondent. | Case No.: 1:13-cv-00711-JLT<br><br>FINDINGS AND RECOMMENDATION TO DISMISS PETITION FOR LACK OF HABEAS JURISDICTION<br><br>ORDER DIRECTING THAT OBJECTIONS BE FILED WITHIN TWENTY DAYS<br><br>ORDER DIRECTING CLERK OF COURT TO ASSIGN CASE TO A DISTRICT JUDGE |

Petitioner is a state prisoner proceeding in propria persona with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

**PROCEDURAL HISTORY**

The instant petition was filed on May 15, 2013. (Doc. 1). After conducting a preliminary screening of the petition, it appears that the Court lacks habeas jurisdiction because Petitioner does not challenge his underlying conviction or sentence, but instead challenges only the sentencing court's order of restitution. For the reasons discussed below, such a claim fails to invoke the habeas jurisdiction of a federal court.

**DISCUSSION**

Here, Petitioner was convicted of two count of committing lewd acts upon a child, a violation

of California Penal Code § 288(a).  (Doc. 1, p. 2).  Petitioner was sentenced to a term of twelve years on the first count and sixteen years on the second.  (Id.).  As part of the sentence, the court ordered Petitioner to pay a restitution fine of $6,400, pursuant to Cal. Pen. Code § 1202.4, which provides for the imposition of a restitution fine of up to $10,000 by the sentencing court whenever a criminal defendant is convicted of a crime in the State of California.  (Id.).  The instant petition raises a single claim, i.e., that by failing to conduct a hearing on Petitioner's ability to pay prior to imposing the restitution fine, the state court violated Petitioner's right to a trial by jury and to proof beyond a reasonable doubt .  Such a claim, however, fails to invoke the Court's habeas jurisdiction because it does not satisfy the "in custody" requirement of federal habeas law.

Pursuant to 28 U.S.C. § 2254(a), "[t]he Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person *in custody pursuant to the judgment of a State court* only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  (Emphasis supplied).  The "in custody" requirement is jurisdiction for a federal habeas court.  Baily v. Hill, 599 F.3d 976, 978 (9th Cir. 2010).  In Baily, the Ninth Circuit observed that the "in custody" requirement of federal habeas law has two aspects.  First, the petitioner must be "under the conviction or sentence under attack at the time his petition is filed."  Baily, 599 F.3d at 978-979, *quoting* Resendiz v. Kovensky, 416 F.3d 952, 956 (9th Cir. 2005).   For this aspect of "in custody," actual physical custody is not indispensable to confer jurisdiction; rather, the court will have habeas jurisdiction if a sufficient "restraint on liberty," as opposed to a mere "collateral consequence of a conviction," exists.  Id. at 979.  In this case, because Petitioner was in physical custody of Respondent at the time he filed the instant petition, and has remained in the physical custody of Respondent throughout these proceedings, this first aspect of the "in custody" requirement is not at issue.

The second aspect of "in custody," however, is fatal to Petitioner's habeas claim:

> The plain meaning of the test of § 2254(a) makes clear that physical custody alone is insufficient to confer jurisdiction.  Section 2254(a)'s language permitting a habeas petition to be entertained 'only on the ground that [the petition] is in custody in violation of the Constitution or laws or treaties of the United States," explicitly requires a nexus between the petitioner's claim and the unlawful nature of the custody.

> Giving the crucial statutory phrase within § 2254(a) its ordinary, natural meaning, we cannot but conclude that to sustain his habeas challenge, [petitioner] must show that his custody in itself, or its conditions, offends federal law. It is not enough for [petitioner] to say, in substance, my custody is okay and consistent with federal law, but I should not be burdened by this restitution requirement. What [petitioner] is required to pay in restitution is not by ordinary meaning a part of his custody.

Baily, 599 F.3d at 980. (Citations omitted).

In Baily, the petitioner, as in this case, challenged only his restitution fine. After the above discussion, the Ninth Circuit flatly rejected habeas jurisdiction under such circumstances:

> [Petitioner's] challenge to the restitution order lacks any nexus, as required by the plain test of § 2254(a), to his custody. While [petitioner's] liberty has been severely restrained by his conviction and custodial sentence, the remedy that [petitioner] seeks, the elimination or alteration of a money judgment, does not directly impact–and is not directed at the source of the restraint on–his liberty. If successful, [petitioner] could reduce his liability for restitution but would still have to serve the rest of his custodial sentence in the same manner; his remedy would affect only the fact or quantity of the restitution that he has to pay to the victim. [Petitioner's] argument is only that he has been ordered to pay restitution "in violation of the Constitution or laws or treaties of the United States," 28 U.S.C. § 2254(a), and not that his custody is unlawful. That he is in physical custody while attacking the restitution order is insufficient to confer jurisdiction over his habeas petition.

Baily, 599 F.3d at 981.

The instant petition does not challenge any aspect of Petitioner's felony convictions in the Kings County Superior Court. Nor does Petitioner challenge the length of the sentences imposed for those convictions. Rather, Petitioner's only complaint is the legality and amount of the restitution amount that was imposed. While Petitioner was clearly in the physical custody of Respondent at the commencement of these proceedings, and while he remains in custody of Respondent at this time, such physical custody is insufficient to confer habeas jurisdiction for the restitution challenge contained in the instant petition. Id. In the absence of any substantive challenge to Petitioner's conviction and sentence, the required nexus between the petition's sole claim and the unlawfulness of Petitioner's custody is absent. Id. Accordingly, without habeas jurisdiction, the Court cannot proceed on those claims. Id.

**ORDER**

The Court HEREBY DIRECTS the Clerk of the Court to assign this case to a United States District Judge.

**RECOMMENDATION**

Accordingly, the Court HEREBY RECOMMENDS that the instant petition for writ of habeas corpus should be dismissed for lack of jurisdiction.

This Findings and Recommendation is submitted to the United States District Court Judge assigned to this case, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within twenty (20) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Replies to the objections shall be served and filed within ten (10) court days (plus three days if served by mail) after service of the objections.  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **May 22, 2013**                    **/s/ Jennifer L. Thurston**
                                            UNITED STATES MAGISTRATE JUDGE