UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL RYMALOWICZ,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>CONNIE GIPSON, Warden,<br><br>　　　　Respondent. | Case No.: 1:13-cv-00711-JLT<br><br>ORDER REQUIRING PETITIONER TO FILE AMENDED PETITION<br><br>THIRTY DAY DEADLINE<br><br>ORDER DIRECTING CLERK OF THE COURT TO SEND PETITIONER A FORM FOR FILING A § 2254 PETITION |

Petitioner is a state prisoner proceeding in propria persona with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

**PROCEDURAL HISTORY**

The instant petition was filed on May 15, 2013. (Doc. 1). After conducting a preliminary screening of the petition, the Court concluded that it lacked jurisdiction over the petition because the only claim appeared to be one for a reduction in restitution. Accordingly, the Court issued Findings and Recommendations to dismiss the petition for lack of jurisdiction. (Doc. 5). On June 28, 2013, the District Judge adopted those Findings and Recommendations. (Doc. 8). Subsequently, Petitioner appealed the dismissal and on May 21, 2014, the Ninth Circuit vacated the dismissal and remanded the case back to the Magistrate Judge for consideration of Petitioner's claim that he was denied the effective assistance of counsel. (Doc. 13). The Ninth Circuit did not disturb the Court's conclusion

1

that it lacked jurisdiction over Petitioner's claim to reduce the restitution ordered.  Accordingly, the only issue remaining is Petitioner's contention that counsel was ineffective.

## DISCUSSION

Effective assistance of appellate counsel is guaranteed by the Due Process Clause of the Fourteenth Amendment. Evitts v. Lucey, 469 U.S. 387, 391-405 (1985). Claims of ineffective assistance of appellate counsel are reviewed according to the two-pronged test set forth in Strickland v. Washington, 466 U.S. 668, 687-94, 104 S.Ct. 2052 (1984). Miller v. Keeney, 882 F.2d 1428, 1433 (9th Cir.1989); United States v. Birtle, 792 F.2d 846, 847 (9th Cir.1986); see also Penson v. Ohio, 488 U.S. 75(1988) (holding that where a defendant has been actually or constructively denied the assistance of appellate counsel altogether, the Strickland standard does not apply and prejudice is presumed; the implication is that Strickland does apply where counsel is present but ineffective).

To prevail, Petitioner must show two things. First, he must establish that appellate counsel's deficient performance fell below an objective standard of reasonableness under prevailing professional norms. Strickland, 466 U.S. at 687-88. Second, Petitioner must establish that he suffered prejudice in that there was a reasonable probability that, but for counsel's unprofessional errors, he would have prevailed on appeal. Id. at 694. A "reasonable probability" is a probability sufficient to undermine confidence in the outcome of the appeal. Id. The relevant inquiry is not what counsel could have done; rather, it is whether the choices made by counsel were reasonable. Babbitt v. Calderon, 151 F.3d 1170, 1173 (9th Cir.1998).

Here, it appears that Petitioner pleaded guilty after a full advisement by the trial court. Petitioner indicates that trial counsel was ineffective for failing to pursue and perfect his appeal, thus depriving Petitioner of the opportunity to appeal his guilty plea.  However, in the original petition, Petitioner failed to articulate the basis or bases for the claims he would have raised in his state court appeal, had that appeal been properly initiated by counsel.  Since Strickland requires a showing of both defective performance and *prejudice*, even assuming, for argument's sake, that counsel's performance was deficient in failing to perfect the appeal, it is still incumbent upon Petitioner to allege in his petition sufficient facts to support a claim that he suffered prejudice, i.e., that he had meritorious

appellate claims that were precluded by counsel's negligent representation. Absent such allegations support the prejudice prong of Strickland, the claim fails to state a cognizable federal habeas claim for ineffective assistance of counsel.

Therefore, the Court will require that Petitioner file a first amended petition setting forth the basis or bases for pursuing his state court appeal in order to permit the Court to determine whether he has pleaded a sufficient Strickland claim.

**ORDER**

Accordingly, it is HEREBY ORDERED as follows:

1. Petitioner is ordered to file a first amended petition within 30 days of the date of service of this order. The first amended petition must contain allegations explaining the factual and legal basis or bases upon which Petitioner would have pursued an appeal in state court had that appeal been properly perfected.

2. The Clerk of the Court is DIRECTED to send Petitioner a form for filing a federal habeas corpus petition pursuant to 28 U.S.C. § 2254.

Petitioner is advised that his failure to comply with this Order may result in a recommendation that the petition be dismissed for failure to prosecute.

IT IS SO ORDERED.

Dated:   **May 23, 2014**              **/s/ Jennifer L. Thurston**
                                                      UNITED STATES MAGISTRATE JUDGE