UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL RYMALOWICZ,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>CONNIE GIPSON, Warden,<br><br>　　　　Respondent. | Case No.: 1:13-cv-00711-LJO-JLT<br><br>ORDER TO SHOW CAUSE WHY THE FIRST AMENDED PETITION SHOULD NOT BE DISMISSED FOR LACK OF EXHAUSTION<br><br>ORDER DIRECTING THAT RESPONSE BE FILED WITHIN THIRTY DAYS |

Petitioner is a state prisoner proceeding in propria persona with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

## PROCEDURAL HISTORY

The original petition was filed on May 15, 2013. (Doc. 1). After conducting a preliminary screening of the petition, the Court concluded that it lacked jurisdiction over the petition because the only claim appeared to be one for a reduction in restitution. Accordingly, the Court issued Findings and Recommendations to dismiss the petition for lack of jurisdiction. (Doc. 5). On June 28, 2013, the District Judge adopted those Findings and Recommendations. (Doc. 8). Subsequently, Petitioner appealed the dismissal and, on May 21, 2014, the Ninth Circuit vacated the dismissal and remanded the case back to the Magistrate Judge for consideration of Petitioner's claim that he was denied the effective assistance of counsel. (Doc. 13). The Ninth Circuit did not disturb the Court's conclusion that it lacked jurisdiction over Petitioner's claim to reduce restitution.

On May 23, 2014, the Court ordered Petitioner to file a first amended petition because the original petition contained only the bare allegation that trial counsel was ineffective for failing to assist Petitioner in filing his notice of appeal. (Doc. 14). In that order, the Court pointed out to Petitioner that, to be successful, a federal claim of ineffective assistance required proof that (1) counsel's representation fell below the minimum standard required for legal representation and (2) that this error was prejudicial, i.e., that more likely than not if the error had not occurred a different result would have obtained. The Court explained to Petitioner that any amended petition must contain allegations explaining why counsel's failure to assist him with filing his notice of appeal was prejudicial, i.e., what claims he would have raised had counsel helped him to file a timely notice of appeal. Without such allegations, a claim of ineffective assistance fails to state a cognizable federal habeas claim. The Court will not just assume that prejudice results from a claim of federal error.

On August 29, 2014, Petitioner, after several extensions of time, filed his first amended petition. That first amended petition alleges that the trial judge erred in permitting the introduction of statutory "text" that was unauthorized. (Doc. 20). Petitioner does not contend that trial counsel was ineffective.

**DISCUSSION**

A. Preliminary Review of Petition.

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases. The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. Herbst v. Cook, 260 F.3d 1039 (9th Cir.2001).

B. Exhaustion.

A petitioner who is in state custody and wishes to collaterally challenge his conviction by a petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the alleged constitutional deprivations. Coleman v. Thompson, 501 U.S. 722, 731 (1991); Rose v. Lundy, 455 U.S. 509, 518 (1982); Buffalo v. Sunn, 854 F.2d 1158, 1163 (9th Cir. 1988).

A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court.  Duncan v. Henry, 513 U.S. 364, 365 (1995); Picard v. Connor, 404 U.S. 270, 276 (1971); Johnson v. Zenon, 88 F.3d 828, 829 (9th Cir. 1996).  A federal court will find that the highest state court was given a full and fair opportunity to hear a claim if the petitioner has presented the highest state court with the claim's factual and legal basis.  Duncan, 513 U.S. at 365 (legal basis); Kenney v. Tamayo-Reyes, 504 U.S. 1, 112 S.Ct. 1715, 1719 (1992) (factual basis).

Additionally, the petitioner must have specifically told the state court that he was raising a federal constitutional claim.  Duncan, 513 U.S. at 365-66; Lyons v. Crawford, 232 F.3d 666, 669 (9th Cir. 2000), *amended*, 247 F.3d 904 (2001); Hiivala v. Wood, 195 F.3d 1098, 1106 (9th Cir. 1999); Keating v. Hood, 133 F.3d 1240, 1241 (9th Cir. 1998).  In Duncan, the United States Supreme Court reiterated the rule as follows:

> In Picard v. Connor, 404 U.S. 270, 275 . . . (1971), we said that exhaustion of state remedies requires that petitioners "fairly presen[t]" federal claims to the state courts in order to give the State the "opportunity to pass upon and correct alleged violations of the prisoners' federal rights" (some internal quotation marks omitted).  If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution. If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court.

Duncan, 513 U.S. at 365-366.  The Ninth Circuit examined the rule further, stating:

> Our rule is that a state prisoner has not "fairly presented" (and thus exhausted) his federal claims in state court *unless he specifically indicated to that court that those claims were based on federal law*. See Shumway v. Payne, 223 F.3d 982, 987-88 (9th Cir. 2000). Since the Supreme Court's decision in Duncan, this court has held that the *petitioner must make the federal basis of the claim explicit either by citing federal law or the decisions of federal courts, even if the federal basis is "self-evident*," Gatlin v. Madding, 189 F.3d 882, 889 (9th Cir. 1999) (citing Anderson v. Harless, 459 U.S. 4, 7 . . . (1982), or the underlying claim would be decided under state law on the same considerations that would control resolution of the claim on federal grounds. Hiivala v. Wood, 195 F3d 1098, 1106-07 (9th Cir. 1999); Johnson v. Zenon, 88 F.3d 828, 830-31 (9th Cir. 1996); . . . .
>
> In Johnson, we explained that the petitioner must alert the state court to the fact that the relevant claim is a federal one without regard to how similar the state and federal standards for reviewing the claim may be or how obvious the violation of federal law is.

Lyons v. Crawford, 232 F.3d 666, 668-669 (9th Cir. 2000) (italics added), as amended by Lyons v. Crawford, 247 F.3d 904, 904-5 (9th Cir. 2001).

Where none of a petitioner's claims has been presented to the highest state court as required by the exhaustion doctrine, the Court must dismiss the petition. Raspberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006); Jiminez v. Rice, 276 F.3d 478, 481 (9th Cir. 2001). The authority of a court to hold a mixed petition in abeyance pending exhaustion of the unexhausted claims has not been extended to petitions that contain no exhausted claims. Raspberry, 448 F.3d at 1154.

Here, the first amended petition raises but a single claim, as mentioned above. However, in the first amended petition, Petitioner concedes he has not presented this claim to the California Supreme Court because he was "unaware" of the existence of this argument until recently. (Doc. 20, p. 5).

From the foregoing, it appears that Petitioner has not presented his claim to the California Supreme Court as required by the exhaustion doctrine. Because Petitioner has not presented his claim for federal relief to the California Supreme Court, the Court must dismiss the petition. See Calderon v. United States Dist. Court, 107 F.3d 756, 760 (9th Cir. 1997) (en banc); Greenawalt v. Stewart, 105 F.3d 1268, 1273 (9th Cir. 1997). **The Court cannot consider a petition that is entirely unexhausted**. Rose v. Lundy, 455 U.S. 509, 521-22 (1982); Calderon, 107 F.3d at 760.

However, since it is possible that Petitioner actually did exhaust this claim but failed to apprise the Court of that fact, the Court will permit Petitioner thirty days within which to respond to this Order To Show Cause by filing a response containing proof that the claim in the first amended petition is indeed exhausted by presentation to the California Supreme Court. Absent such a showing, the Court will have no alternative but to recommend dismissal of the petition as completely unexhausted.

## **ORDER**

For the foregoing reasons, the Court HEREBY ORDERS as follows:

1. Petitioner is ORDERED TO SHOW CAUSE **within 30 days** of the date of service of this Order why the First Amended Petition should not be dismissed for failure to exhaust remedies in state court.

///
///
///
///

**Petitioner is forewarned that his failure to comply with this order may result in a Recommendation that the Petition be dismissed pursuant to Local Rule 110.**

IT IS SO ORDERED.

Dated:   **September 2, 2014**                    /s/ Jennifer L. Thurston
                                                                   UNITED STATES MAGISTRATE JUDGE