UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL RYMALOWICZ,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>CONNIE GIPSON, Warden,<br><br>　　　　Respondent. | Case No.: 1:13-cv-00711-LJO-JLT<br><br>ORDER DIRECTING CLERK OF COURT TO FILE LODGED AMENDED PETITION AS SECOND AMENDED PETITION (Doc. 23)<br><br>PETITIONER'S MOTION FOR STAY IS DENIED AS MOOT (Doc. 22)<br><br>ORDER REQUIRING RESPONDENT TO FILE A RESPONSE<br><br>ORDER SETTING BRIEFING SCHEDULE<br><br>ORDER DIRECTING CLERK OF COURT TO SERVE DOCUMENTS ON ATTORNEY GENERAL |

　　　　Petitioner is a state prisoner proceeding in propria persona with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

**PROCEDURAL HISTORY**

　　　　The original petition was filed on May 15, 2013. (Doc. 1). After conducting a preliminary screening of the petition, the Court concluded that it lacked jurisdiction over the petition because the only claim appeared to be one for a reduction in restitution. Accordingly, the Court issued Findings and Recommendations to dismiss the petition for lack of jurisdiction. (Doc. 5). On June 28, 2013, the

1

District Judge adopted those Findings and Recommendations. (Doc. 8). Subsequently, Petitioner appealed the dismissal and, on May 21, 2014, the Ninth Circuit vacated the dismissal and remanded the case back to the Magistrate Judge for consideration of Petitioner's claim that he was denied the effective assistance of counsel. (Doc. 13). The Ninth Circuit did not disturb the Court's conclusion that it lacked jurisdiction over Petitioner's claim to reduce restitution.

On May 23, 2014, the Court ordered Petitioner to file a first amended petition because the original petition contained only the bare allegation that trial counsel was ineffective for failing to assist Petitioner in filing his notice of appeal. (Doc. 14). In that order, the Court pointed out to Petitioner that, to be successful, a federal claim of ineffective assistance required proof that (1) counsel's representation fell below the minimum standard required for legal representation and (2) that this error was prejudicial, i.e., that more likely than not if the error had not occurred a different result would have obtained. The Court explained to Petitioner that any amended petition must contain allegations explaining why counsel's failure to assist him with filing his notice of appeal was prejudicial, i.e., what claims he would have raised had counsel helped him to file a timely notice of appeal. Without such allegations, a claim of ineffective assistance fails to state a cognizable federal habeas claim. The Court will not just assume that prejudice results from a claim of federal error.

After several extensions of time, on August 29, 2014, Petitioner filed his first amended petition. That first amended petition did not appear to allege that counsel was ineffective, but instead alleged that the trial judge erred in permitting the introduction of statutory "text" that was unauthorized.[1] (Doc. 20). On September 2, 2014, the Court issued an Order to Show Cause why the first amended petition should not be dismissed for lack of exhaustion. (Doc. 22). On September 22, 2014, Petitioner filed a motion to stay and abey proceedings pending exhaustion of the new issue in state court along with an amended petition containing that claim, which was lodged but not filed by the Clerk of the Court. (Docs. 22 & 23). Petitioner also filed a declaration in support of the lodged amended petition. (Doc. 24). On December 8, 2014, Petitioner filed a status report advising the Court

---

[1] Subsequently, Petitioner pointed out to the Court that, buried in his first amended petition was an allegation that trial counsel was ineffective. Petitioner is advised that any future pleading should expressly set forth each claim, e.g., ineffective assistance of counsel, prosecutorial misconduct, error by trial judge, as separate and distinct claims, rather than lumping all claims into one set of factual allegations.

1  that the California Supreme Court had denied his petition, thus exhausting the claims raised in the
2  lodged petition.

### DISCUSSION

4  After careful consideration, the Court will construe Petitioner's declaration in support of the lodged petition (Doc. 24), as a motion to file the lodged petition as the second amended petition. A petitioner may amend a petition for writ of habeas corpus once "as a matter of course," and without leave of Court, before a response has been filed under Federal Rule of Civil Procedure 15(a), as applied to habeas corpus actions pursuant to 28 U.S.C. § 2242 and Rule 11 of the Rules Governing Section 2254 Cases. Calderon v. United States District Court (Thomas), 144 F.3d 618, 620 (9th Cir. 1998); Bonn v. Calderon, 59 F.3d 815, 845 (9th Cir. 1995). Leave of Court is required for all other amendments. Rule Civ. P. 15(a).

Where, as here, Petitioner has already filed a first amended petition pursuant to Rule 15(a), additional amended pleadings may only be filed with the Court's permission. The Court, in deciding whether to allow such an amendment, may consider "bad faith, undue delay, prejudice to the opposing party, futility of the amendment, and whether the party has previously amended his pleadings." Bonin v. Calderon, 59 F.3d 815, 844-45 (9th Cir.1995) (applying Rule 15(a) in a habeas case). Since Respondent has not filed a response, and, indeed, has yet to enter an appearance in this case, the Court can find no prejudice in permitting the lodged petition to be filed. Nor does the Court find evidence that Petitioner is acting in bad faith.

The Court is aware, however, that, quite apart from the issue of exhaustion, several legal obstacles may preclude Petitioner from ultimately obtaining a ruling on the merits of his amended petition. First, the Court observed that the California Supreme Court denied the state petition with citations to In re Swain, 34 Cal.2d 300, 304 (1949) and People v. Duvall, 9 Cal.4th 464, 474 (1995). (Doc. 25, p. 3). Citations to those two cases normally signals that the state petitioner has failed to state his claim with sufficient particularity for the state court to examine the merits of the claim, and/or has failed to "include copies of reasonably available documentary evidence supporting the claim, including pertinent portions of trial transcripts and affidavits or declarations." Duvall, 9 Cal.4th at 474. Because the state petitioner could "cure" the defect by filing an amended petition with the necessary

specificity and/or documentation, the claims therein are considered still to be unexhausted. Kim v. Villalobos, 799 F.2d 1317, 1319 (9th Cir. 1986).

Second, it appears that Petitioner's amended claims may not be timely under the AEDPA. Under AEDPA, claims must be filed within one year of the date upon which Petitioner's direct review concludes, with limited exceptions. Under Rule 15(c)(2) of the Federal Rules of Civil Procedure, an amendment of a pleading relates back to the date of the original pleading when "the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading." The rule applies in habeas corpus proceedings. Mayle v. Felix, 545 U.S. 644, 650 (2005); Anthony v. Cambra, 236 F.3d 568, 576 (9th Cir. 2000).

In Mayle, the United States Supreme Court held that relation back is in order if the claim to be amended into the petition is tied to the original timely petition by "a common core of operative facts." Mayle, 545 U.S. at 664. Conversely, the claim does not relate back when it asserts a new ground for relief supported by facts that differ in both "time and type" from those the original pleading set forth. Id. at 650. The Mayle court expressly rejected the Ninth Circuit's interpretation of the rule that a claim relates back if it arises merely from the same judgment and conviction. Id. at 656-657. Thus, relation back is "ordinarily allowed 'when the new claim is based on the same facts as the original pleading and only changes the legal theory.'" Woodward v. Williams, 263 F.3d 1135, 1142 (10th Cir. 2001), quoting 3 J. Moore, et al., Moore's Federal Practice § 15.19[2], pp. 15-82 (3d ed. 2004). It is unclear whether the newly-exhausted claim is based upon the same facts as the claims in the original pleading. If it is not, then the claim may be untimely under the AEDPA and would require dismissal of the entire amended petition.

However, despite these misgivings, the Court will order a response from Respondent, which response will include authorization to file a motion to dismiss the second amended petition should legal grounds therefore exist.

## ORDER

Accordingly, pursuant to Rule 4 of the Rules Governing Section 2254 Cases and Rule 16 of the

Federal Rules of Civil Procedure,[1] the Court HEREBY ORDERS as follows:

    1.    The Clerk of the Court is DIRECTED to file the lodged petition (Doc. 23), as the Second Amended Petition;

    2.    Petitioner's motion for stay of proceedings (Doc. 22), is DENIED as MOOT;

    3.    Respondent SHALL FILE a RESPONSE to the Second Amended Petition[2,3] **within 60 days** of the date of service of this order.  See Rule 4, Rules Governing Section 2254 Cases; Cluchette v. Rushen, 770 F.2d 1469, 1473-1474 (9th Cir. 1985)(court has discretion to fix time for filing a response).  A Response can be made by filing one of the following:

        A.    AN ANSWER addressing the merits of the Second Amended Petition.  Respondent SHALL INCLUDE with the Answer any and all transcripts or other documents necessary for the resolution of the issues presented in the Second Amended Petition.  See Rule 5, Rules Governing Section 2254 Cases.  Any argument by Respondent that Petitioner has *procedurally defaulted* a claim SHALL BE MADE in the ANSWER, but must also address the merits of the claim asserted.

        B.    A MOTION TO DISMISS the Second Amended Petition.  A Motion to Dismiss SHALL INCLUDE copies of all Petitioner's state court filings and dispositive rulings.  See Rule 5, Rules Governing Section 2254 Cases.[4]

---

[1] The Federal Rules of Civil Procedure "apply to proceedings for habeas corpus ... to the extent that the practice in those proceedings (A) is not specified in a federal statute, the Rules Governing Section 2254 Cases, or the Rules Governing Section 2255 Cases; and (B) has previously conformed to the practice in civil actions."  Fed.R.Civ.P. 81(a)(4).  Rule 12 also provides "[t]he Federal Rules of Civil Procedure, to the extent that they are not inconsistent with any statutory provisions or these rules, may be applied to a proceeding under these rules."  Rule 12, Rules Governing Section 2254 Cases.

[2] Respondent is advised that a scanned copy of the Second Amended Petition is available in the Court's electronic case filing system ("CM/ECF").

[3] Rule 4 of the Rules Governing Section 2254 Cases provides that upon the Court's determination that summary dismissal is inappropriate, the "judge must order the respondent to file an answer or *other pleading…or to take other action the judge may order*."  Rule 4, Rules Governing 2254 Cases (emphasis added); see also Advisory Committee Notes to Rules 4 and 5 of Rules Governing Section 2254 Cases (stating that a dismissal may obviate the need for filing an answer on the substantive merits of the petition and that the Attorney General may file a Motion to Dismiss for failure to exhaust); White v. Lewis, 874 F.2d 599, 602-603 (9th Cir. 1989)(providing that Motions to Dismiss pursuant to Rule 4 are proper in a federal habeas proceeding).

4. If Respondent files an Answer to the Second Amended Petition, Petitioner MAY FILE a Traverse **within 30 days** of the date Respondent's Answer is filed with the Court. If no Traverse is filed, the Second Amended Petition and Answer are deemed submitted at the expiration of the thirty days.

5. If Respondent files a Motion to Dismiss, Petitioner SHALL FILE an Opposition or Statement of Non-Opposition **within 21 days** of the date Respondent's Motion is filed with the Court. If no Opposition is filed, the Motion to Dismiss is deemed submitted at the expiration of the thirty days. Any Reply to an Opposition to the Motion to Dismiss SHALL be filed **within 7 days** after the Opposition is served.

6. Unless already submitted, both Respondent and Petitioner SHALL COMPLETE and RETURN to the Court **within 30 days** a Consent/Decline form indicating whether the party consents or declines to consent to the jurisdiction of the United States Magistrate Judge pursuant to Title 28 U.S.C. § 636(c)(1).

7. The Clerk of the Court is DIRECTED to SERVE a copy of this order on the Attorney General or his or her representative.

All motions shall be submitted on the record and briefs filed without oral argument unless otherwise ordered by the Court. Local Rule 230(l). Extensions of time will only be granted upon a showing of good cause. All provisions of Local Rule 110 are applicable to this order.

IT IS SO ORDERED.

Dated:   **December 10, 2014**                         **/s/ Jennifer L. Thurston**
                                                                    UNITED STATES MAGISTRATE JUDGE