1

2

3

4

5

6

7

8                    **UNITED STATES DISTRICT COURT**

9                  **EASTERN DISTRICT OF CALIFORNIA**

10

11   PAUL RYMALOWICZ,                    )   Case No.: 1:13-cv-00711-LJO-JLT
                                         )
12            Petitioner,                )   FINDINGS AND RECOMMENDATIONS TO
                                         )   GRANT RESPONDENT'S MOTION TO DISMISS
13       v.                              )
                                         )   ORDER DIRECTING OBJECTIONS TO BE FILED
14   CONNIE GIPSON, Warden,              )   WITHIN TWENTY-ONE DAYS
                                         )
15            Respondent.                )
                                         )
16   _____   )

17            This petition for writ of habeas corpus was filed on May 3, 2013[1] and he filed his first

18   amended petition on August 29, 2014.  (Doc. 20).  Petitioner then sought to file a Second Amended

19   Petition.  (Doc. 23).  Despite the Court's misgivings regarding timeliness and exhaustion, the Court

20   ordered Respondent to file a response to the second amended petition on December 11, 2014.  (Doc.

21   26).  On January 5, 2015, Petitioner filed a motion requesting that the Court consider his claim of

22   actual innocence.  (Doc. 30).  On February 9, 2015, Respondent filed a motion to dismiss, contending

23   that the second amended petition was untimely and that its claims were unexhausted.  (Doc. 32).

24   Although the Court granted Petitioner's request for additional time within which to file his opposition,

25   
    _____

26   [1] In Houston v. Lack, the United States Supreme Court held that a pro se habeas petitioner's notice of appeal is deemed
     filed on the date of its submission to prison authorities for mailing, as opposed to the actual date of its receipt by the court
     clerk.  Houston v. Lack, 487 U.S. 166, 276 (1988).  Accordingly, for all of Petitioner's state petitions and for the instant
27   federal petition, the Court will consider the date of signing of the petition (or the date of signing of the proof of service if
     no signature appears on the petition) as the earliest possible filing date and the operative date of filing under the mailbox
28   rule for calculating the running of the statute of limitation.  Petitioner signed the instant petition on May 3, 2013.  (Doc. 1,
     p. 9).

                                                    1

he has failed to do so.

## **DISCUSSION**

A. <u>Procedural Grounds for Motion to Dismiss</u>

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition

if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is

not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases. In

this Circuit, respondents may file a motion to dismiss in lieu of an answer if the motion claims the

petitioner failed to exhaust state remedies or that the petition was procedurally defaulted in state court.

<u>See</u>, <u>e.g.</u>, <u>O'Bremski v. Maass</u>, 915 F.2d 418, 420 (9th Cir. 1990) (using Rule 4 to evaluate motion to

dismiss petition for failure to exhaust state remedies); <u>White v. Lewis</u>, 874 F.2d 599, 602-03 (9th Cir.

1989) (using Rule 4 as procedural grounds to review motion to dismiss for state procedural default);

<u>Hillery v. Pulley</u>, 533 F.Supp. 1189, 1194 & n.12 (E.D. Cal. 1982) (same).

In this case, Respondent's motion to dismiss is based upon the argument that it is untimely

under 28 U.S.C. 2244(d)(1) and that it is not exhausted. Thus, the Court will review Respondent's

motion to dismiss pursuant to its authority under Rule 4.

A. <u>Limitation Period For Filing Petition For Writ Of Habeas Corpus</u>

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of

1996 (AEDPA). The AEDPA imposes various requirements on all petitions for writ of habeas corpus

filed after the date of its enactment. <u>Lindh v. Murphy</u>, 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997);

<u>Jeffries v. Wood</u>, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc), *cert. denied,* 118 S.Ct. 586 (1997).

The instant petition was filed on May 3, 2013, and thus, it is subject to the provisions of the AEDPA.

The AEDPA imposes a one-year limitation period for filing a federal petition for writ of

habeas corpus. 28 U.S.C. § 2244(d)(1). In most cases, the limitation period begins running on the

date that the petitioner's direct review became final. Here, the Petitioner was convicted on April 30,

2010. (Lodged Document ("LD") 1). Petitioner did not file an appeal from the judgment of

conviction. California state law governs the period within which prisoners have to file an appeal and,

in turn, that law governs the date of finality of convictions. <u>See, e.g.</u>, <u>Mendoza v. Carey</u>, 449 F.3d

1065, 1067 (9th Cir. 2006); <u>Lewis v. Mitchell</u>, 173 F.Supp.2d 1057, 1060 (C.D. Cal. 2001)(California

1   conviction becomes final 60 days after the superior court proceedings have concluded, citing prior

2   Rule of Court, Rule 31(d)).  Pursuant to California Rules of Court, Rule 8.308(a), a criminal defendant

3   convicted of a felony must file his notice of appeal within sixty days of the rendition of judgment.  See

4   People v. Mendez, 19 Cal.4th 1084, 1086, 969 P.2d 146, 147 (1999)(citing prior Rule of Court, Rule

5   31(d)).  Because Petitioner did not file a notice of appeal, his direct review period concluded on June

6   29, 2010, when the sixty-day period for filing a notice of appeal expired.  The one-year period under

7   the AEDPA would have commenced the following day, on June 30, 2010, and Petitioner had one year

8   from that date, or until June 29, 2011, within which to file his federal petition for writ of habeas

9   corpus.  See Patterson v. Stewart, 251 F.3d 1243, 1245 (9th Cir.2001).

10          As mentioned, the instant petition was filed on May 3, 2013, almost two years after the date the

11   one-year period would have expired.  Thus, unless Petitioner is entitled to either statutory or equitable

12   tolling, the instant petition is untimely and should be dismissed.

13          B.   Tolling of the Limitation Period Pursuant to 28 U.S.C. § 2244(d)(2)

14          Under the AEDPA, the statute of limitations is tolled during the time that a properly filed

15   application for state post-conviction or other collateral review is pending in state court.  28 U.S.C. §

16   2244(d)(2).  A properly filed application is one that complies with the applicable laws and rules

17   governing filings, including the form of the application and time limitations.  Artuz v. Bennett, 531

18   U.S. 4, 8, 121 S. Ct. 361 (2000).

19          A petitioner is not entitled to statutory tolling where the limitation period has already run prior

20   to filing a state habeas petition.  Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003) ("section

21   2244(d) does not permit the reinitiation of the limitations period that has ended before the state

22   petition was filed."); Jiminez v. White, 276 F. 3d 478, 482 (9th Cir. 2001).

23          Here, Petitioner does not allege that he filed any state habeas petitions during the applicable

24   one-year limitation period.  Instead, Petitioner filed his first state habeas petition on January 27, 2013,

25   well after the one-year period expired.  Thus, he is not entitled related to this filing.  Accordingly, the

26   petition is untimely and must be dismissed unless Petitioner is entitled to some form of equitable

27   tolling.

28   ///

3

C.   Equitable Tolling.

The running of the one-year limitation period under 28 U.S.C. § 2244(d) is subject to equitable tolling in appropriate cases. See Holland v. Florida, 560 U.S. 631, 651-652 (2010); Calderon v. United States Dist. Ct., 128 F.3d 1283, 1289 (9th Cir. 1997).  The limitation period is subject to equitable tolling when "extraordinary circumstances beyond a prisoner's control make it impossible to file the petition on time."  Shannon v. Newland, 410 F. 3d 1083, 1089-1090 (9th Cir. 2005)(internal quotation marks and citations omitted).  "When external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim, equitable tolling of the statute of limitations may be appropriate."  Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999).  "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way."  Holland, 560 U.S. at 651-652; Pace v. DiGuglielmo, 544 U.S. 408, 418, 125 S. Ct. 1807 (2005). "[T]he threshold necessary to trigger equitable tolling under AEDPA is very high, lest the exceptions swallow the rule." Miranda v. Castro, 292 F. 3d 1062, 1066 (9th Cir. 2002)(citation omitted).  As a consequence, "equitable tolling is unavailable in most cases."  Miles, 187 F. 3d at 1107.

Here, Petitioner has made an express claim of entitlement to equitable tolling by contending that he is actually innocent.   In McQuiggin v. Perkins, 569 U.S.___,  2013 WL 2300806 (2013), the United States Supreme Court held that "actual innocence" could be an exception to the one-year limitation bar in the AEDPA:

> We hold that actual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar, as it was in Schlup and House,[2] or, as in this case, expiration of the statute of limitations. We caution, however, that tenable actual-innocence gateway pleas are rare: "[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." Schlup, 513 U.S., at 329; see House, 547 U.S., at 538 (emphasizing that the Schlup standard is "demanding" and seldom met). And in making an assessment of the kind Schlup envisioned, "the timing of the [petition]" is a factor bearing on the "reliability of th[e] evidence" purporting to show actual innocence. Schlup, 513 U.S., at 332.

McQuiggin, at *3.   The Supreme Court went on to explain that an "unexplained delay in presenting

---

[2] Schlup v. Delo, 513 U.S. 298, 115 S.Ct. 851 (1995); House v. Bell, 547 U.S. 518, 126 S.Ct. 2064 (2006).

new evidence bears on the determination whether the petitioner has made the requisite showing, and, thus, "a court may consider how the timing of the submission and the likely credibility of [a petitioner's] affiants bear on the probable reliability of evidence [of actual innocence]." Id. at *11, quoting Schlup, 513 U.S. at 332. See also Lee v. Lampert, 653 F.3d 929, 932-933 (9th Cir. 2011)(en banc)("a credible claim of actual innocence constitutes an equitable exception to AEDPA's limitations period, and a petitioner who makes such a showing may pass through the Schlup gateway and have his otherwise time-barred claims heard on the merits." ) The "Schlup gateway," however, may only be employed when a petitioner "falls within the narrow class of cases…implicating a fundamental miscarriage of justice. Schlup, 513 U.S. at 314-315; McQuiggin, at *9. However, "[t]o ensure that the fundamental miscarriage of justice exception would remain 'rare' and would only be applied in the 'extraordinary case,' while at the same time ensuring that the exception would extend relief to those who were truly deserving," the Supreme Court explicitly limited the equitable exception to cases where a petitioner has made a showing of innocence. Schlup, 513 U.S. at 321. "The Supreme Court did not hold that a petitioner may invoke Schlup whenever he wants a trial do-over." Lee, 653 F.3d at 946 (Kozinski, J., concurring.)

The rule announced in McQuiggin is not a type of equitable tolling, which provides for an extension of the time statutorily prescribed, but an equitable exception to § 2244(d)(1). McQuiggin at *7. Moreover, the Court noted that actual innocence, if proven, merely allows a federal court to address the merits of a petitioner's constitutional claims; the Court has yet to address whether "a freestanding claim of actual innocence" provides a separate basis for granting habeas relief. McQuiggin at *7.

Here, Petitioner has failed to meet Schlup's exacting standard. As Respondent correctly argues, Petitioner claims only legal innocence, not factual innocence. In his motion to consider actual innocence, Petitioner makes various generalized statements about actual innocence; however, the only detailed claim he makes is that the use of "urgency statutes" and the text of Penal Code section 667 were used to coerce him into entering a no contest plea. (Doc. 30). Such contentions do not constitute actual innocence of the charges that Petitioner sexually abused two victims under the age of fourteen. At best, Petitioner's contentions can be characterized as a claim of legal innocence because his no

1   contest plea was not knowing and voluntary, but somehow "coerced."  Accordingly, Petitioner fails to

2   meet the Schlup threshold and, hence, has not established actual innocence for purposes of showing

3   entitlement to an equitable exception to the one-year limitation period.  Therefore, the petition is

4   untimely and should be dismissed.[3]

5        D. Exhaustion

6        A petitioner who is in state custody and wishes to collaterally challenge his conviction by a

7   petition for writ of habeas corpus must exhaust state judicial remedies.  28 U.S.C. § 2254(b)(1).  The

8   exhaustion doctrine is based on comity to the state court and gives the state court the initial

9   opportunity to correct the state's alleged constitutional deprivations.  Coleman v. Thompson, 501 U.S.

10  722, 731 (1991); Rose v. Lundy, 455 U.S. 509, 518 (1982); Buffalo v. Sunn, 854 F.2d 1158, 1163 (9th

11  Cir. 1988).

12       A petitioner can satisfy the exhaustion requirement by providing the highest state court with a

13  full and fair opportunity to consider each claim before presenting it to the federal court.  Duncan v.

14  Henry, 513 U.S. 364, 365 (1995); Picard v. Connor, 404 U.S. 270, 276 (1971); Johnson v. Zenon, 88

15  F.3d 828, 829 (9th Cir. 1996).  A federal court will find that the highest state court was given a full

16  and fair opportunity to hear a claim if the petitioner specifically told the state court he was raising a

17  federal constitutional claim.  Duncan, 513 U.S. at 365-66; Lyons v. Crawford, 232 F.3d 666, 669 (9th

18  Cir. 2000), amended, 247 F.3d 904 (2001); Hiivala v. Wood, 195 F.3d 1098, 1106 (9th Cir. 1999);

19  Keating v. Hood, 133 F.3d 1240, 1241 (9th Cir. 1998).

20       Where none of a petitioner's claims have been presented to the highest state court as required

21  by the exhaustion doctrine, the Court must dismiss the petition.  Raspberry v. Garcia, 448 F.3d 1150,

22  1154 (9th Cir. 2006); Jiminez v. Rice, 276 F.3d 478, 481 (9th Cir. 2001). The authority of a court to

23  hold a mixed petition in abeyance pending exhaustion of the unexhausted claims has not been

24  extended to petitions that contain no exhausted claims. Raspberry, 448 F.3d at 1154.

25  ───────────────
26  [3] Respondent correctly argues that the claims in the first amended petition "relate back" to those in the original petition and thus, for purposes of calculating timeliness, the claims in the former would trigger the same timeline as the claims in the latter.  Mayle v. Felix, 545 U.S. 644, 650 (2005); Fed. R. Civ. P. 15(c)(1)(B).  However, the claims in the second amended
27  petition are completely unrelated to those in the original and first amended petitions; thus, they do not "relate back" to the original petition's filing.  Hence, the filing date for the claims in the second amended petition would be December 11,
28  2014. Id.  Because, however, the claims are untimely under either scenario, the Court need not expressly address whether the claims in the second amended petition relate back to the original petition.

Here, Respondent has lodged documents with the Court establishing Petitioner has never presented the claims in the second amended petition to the California Supreme Court.  Accordingly, the Court concludes that Petitioner has not presented any of his claims to the California Supreme Court as required by the exhaustion doctrine.  Because Petitioner has not presented his claims for federal relief to the California Supreme Court, the Court must dismiss the petition.  See Calderon v. United States Dist. Court, 107 F.3d 756, 760 (9th Cir. 1997) (en banc); Greenawalt v. Stewart, 105 F.3d 1268, 1273 (9th Cir. 1997).  The Court cannot consider a petition that is entirely unexhausted. Rose v. Lundy, 455 U.S. 509, 521-22 (1982); Calderon, 107 F.3d at 760.  Therefore, Respondent's motion to dismiss should be granted and the petition should be dismissed for lack of exhaustion.

## **RECOMMENDATION**

For the foregoing reasons, the Court HEREBY RECOMMENDS that the motion to dismiss (Doc. 32), be GRANTED and the habeas corpus petition be DISMISSED for Petitioner's failure to comply with 28 U.S.C. § 2244(d)'s one-year limitation period.

This Findings and Recommendation is submitted to the United States District Court Judge assigned to this case, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. **Within 21 days** after being served with a copy, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Replies to the objections shall be served and filed **within ten days** after service of the objections.  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).


IT IS SO ORDERED.

Dated:   __**May 15, 2015**__                     _____**/s/ Jennifer L. Thurston**
                                                          UNITED STATES MAGISTRATE JUDGE

7